**No. 24-1322**

# United States Court of Appeals for the Federal Circuit

MEMORYWEB, LLC

*Appellant*

v.

SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.,

*Appellees*

Appeal from the Patent and Trademark Office, Patent Trial and Appeal Board in Case No. PGR2022-00034

## APPELLANT MEMORYWEB, LLC'S REPLY BRIEF

JENNIFER HAYES
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Tel: 213-629-6000

DANIEL SCHWARTZ
MATTHEW WERBER
ANGELO CHRISTOPHER
NIXON PEABODY LLP
70 W. Madison Street, Suite 5200
Chicago, IL 60602-4378
Tel: 312-977-4400

*Counsel for Appellant MemoryWeb, LLC*

## EXEMPLARY PATENT CLAIM

**Claim 1 of U.S. Patent 11,163,823**

1. A method comprising:

causing an interface to display a search-filter view, the search-filter view permitting a user to filter a plurality of digital files based on one or more criteria;

responsive to a first input within the search-filter view, causing the interface to display a people view including a first image associated with a first person and a second image associated with a second person;

responsive to an input that is indicative of a selection associated with the first person, causing a first person view to be displayed on the interface, the first person view including a first digital file associated with the first person;

responsive to an input that is indicative of a selection associated with the first digital file, causing a first detail view to be displayed on the interface, the first detail view including (i) the first digital file, (ii) first information associated with the first digital file and (iii) a first map image associated with the first digital file, the first digital file having a first size in the first person view and a second size in the first detail view, wherein the second size is greater than the first size;

responsive to an input that is indicative of a selection associated with the second person, causing a second person view to be displayed on the interface, the second person view including a second digital file associated with the second person;

responsive to an input that is indicative of a selection associated with the second digital file, causing a second detail view to be displayed on the interface, the second detail view including (i) the second digital file, (ii) second information associated with the second digital file and (iii) a second map image associated with the second digital file; and

responsive to a second input within the search-filter view, causing the interface to display a locations view including a first name associated

with a first location, and a second name associated with a second location;

responsive to an input that is indicative of a selection associated with the first location, causing a first set of digital files to be displayed on the interface, each digital file in the first set of digital files being associated with the first location; and

responsive to an input that is indicative of a selection associated with the second location, causing a second set of digital files to be displayed on the interface, each digital file in the second set of digital files being associated with the second location.

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2024-1322

**Short Case Caption** MemoryWeb, LLC v. Samsung Electronics Co., Ltd.

**Filing Party/Entity** MemoryWeb, LLC

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.
2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.
3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.
4. Please do not duplicate entries within Section 5.
5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/07/2024

Signature: /s/ Jennifer Hayes

Name: Jennifer Hayes

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| MemoryWeb, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

TABLE OF CONTENTS ..... ii

INTRODUCTION ..... 1

ARGUMENT ..... 3

I. The Board Erred in Determining the Prior Art Discloses the "Locations View" under MemoryWeb's Construction ..... 3

A. The Board Did Not Rely on Pogue and Engst Explicitly Disclosing the "Locations View" Limitation ..... 3

B. Samsung Did Not Assert, and the Board Did Not Find, the Individual "Locations View" Limitation Would Have Been Obvious ..... 5

C. The Board's Determination For the "Locations View" Limitation Was Based on Inherency ..... 7

D. Samsung Has Not Rebutted That the Board's Inherency Finding Was Unsupported by Substantial Evidence ..... 9

II. The Phrase "Responsive To" Should be Construed to Require Direct Causation Between the "Second Input" and "Causing a Locations View to be Displayed ..... 11

A. The Court Can and Should Construe "Responsive To" Despite the Board's Failure to Do So ..... 11

B. MemoryWeb's Construction Reflects the Plain Meaning of "Responsive To" ..... 13

III. Samsung's Improper Alternative Obviousness Theory Does Not Supply a Basis for Remand if MemoryWeb's Construction is Adopted ..... 20

IV. Rejecting MemoryWeb's Claim Construction for "Responsive To" is Not Necessarily Dispositive ..... 22

CONCLUSION AND RELIEF SOUGHT ..... 23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carrum Techs., LLC v. Unified Pats., LLC*,
No. 2020-2204, 2021 WL 3574209 (Fed. Cir. Aug. 13, 2021) .......................... 18

*DSS Tech. Mgmt., Inc. v. Apple Inc.*,
885 F.3d 1367 (Fed. Cir. 2018) .......................... 20

*Ethicon LLC v. Intuitive Surgical, Inc.*,
No. 2020-1600, 2021 WL 960766 (Fed. Cir. Mar. 15, 2021) .......................... 20

*Hewlett-Packard Co. v. Mustek Sys., Inc.*,
340 F.3d 1314 (Fed. Cir. 2003) .......................... 9

*In re Google Tech. Holdings LLC*,
980 F.3d 858 (Fed. Cir. 2020) .......................... 21

*Kirsch Rsch. & Dev., LLC v. GAF Materials LLC*,
No. 2022-2063, 2024 WL 1927896 (Fed. Cir. May 2, 2024) .......................... 12

*LBT IP I LLC v. Apple Inc.*,
No. 2022-1613, 2023 WL 3914920 (Fed. Cir. June 9, 2023) .......................... 7, 8, 9

*LKQ Corp. v. GM Glob. Tech. Operations LLC,*
102 F.4th 1280 (Fed. Cir. 2024) .......................... 8

*In re Magnum Oil Tools Int'l, Ltd.*,
829 F.3d 1364 (Fed. Cir. 2016) .......................... 21, 22

*Micron Tech., Inc. v. N. Star Innovations, Inc.*,
855 F. App'x 679 (Fed. Cir. 2021) .......................... 18

*Nidec Motor Corp. v. Zhongshan Broad Ocean Motor Co*.,
868 F.3d 1013 (Fed. Cir. 2017) .......................... 13

*PAR Pharm., Inc. v. TWI Pharms., Inc.*,
773 F.3d 1186 (Fed. Cir. 2014) .......................... 9, 10, 11

*PersonalWeb Techs., LLC v. Apple, Inc.*,
917 F.3d 1376 (Fed. Cir. 2019) .......................... 1, 9, 10

*Phillips v. AWH Corp.*,
415 F.3d 1303 (Fed. Cir. 2005) ....................13

*Trading Techs. Int'l, Inc. v. eSpeed, Inc.*,
595 F.3d 1340 (Fed. Cir. 2010) ....................18

*Quanergy Sys., Inc. v. Velodyne Lidar USA, Inc.*,
24 F.4th 1406 (Fed. Cir. 2022) ....................18

**Other Authorities**

Fed. Cir. R. 28(j) ....................10

## INTRODUCTION

The Board erred in determining the prior art discloses displaying the claimed locations view "responsive to a second input" under MemoryWeb's claim construction. For starters, the Board did not, and could not, find that Pogue or Engst expressly discloses this limitation, as Samsung argues. Instead, Samsung and the Board relied on Samsung's expert, Dr. Greenspun, speculating the iPhoto system described in the references would allegedly behave in a manner resembling the claimed "locations view" under a particular use case not expressly disclosed in either reference. Given the lack of explicit disclosure in Pogue and Engst, this was effectively an inherency argument. However, the Board's determination cannot stand under this Court's standard for inherency because there is no evidence the prior art "***necessarily***" discloses the behavior allegedly satisfying the "locations view" limitation. *PersonalWeb Techs., LLC v. Apple, Inc.*, 917 F.3d 1376, 1382-1383 (Fed. Cir. 2019) (emphasis added).

Recognizing the lack of substantial evidence supporting an inherency finding, Samsung resorts to arguing inherency does not apply because it allegedly argued the "locations view" limitation would have been obvious. However, Samsung did not assert, and the Board did not apply, any argument that a person of ordinary skill in the art would have modified Pogue or Engst to meet this limitation (*i.e.*, an obviousness argument). Thus, there is no basis for introducing obviousness

arguments for the "locations view" limitation here. Because the Board's determination was based on speculation as to how iPhoto allegedly operates, rather than an explicit disclosure in Pogue or Engst showing iPhoto operating as claimed, the Board's determination was substantively an inherency finding unsupported by substantial evidence.

Should the Court find the Board erred in failing to apply the proper legal standard to Samsung's arguments (which it did), Samsung does not dispute the Court can and should construe "responsive to" in this appeal. Samsung's proposed construction that merely requires the second event happen subsequent to the first event based on a combination of user interaction and software implementation should be rejected because it is inconsistent with the plain meaning of "responsive to" in the context of the '823 Patent. Nothing in the specification supports Samsung's construction. In fact, Samsung's own expert admitted that Samsung's construction would ***not*** be the "usual way" that a person of ordinary skill in the art would describe the relationships between three events.

For at least the foregoing reasons, the Board's Decision should be reversed, or at least vacated and remanded for further proceedings.

# ARGUMENT

## I. The Board Erred in Determining the Prior Art Discloses the "Locations View" under MemoryWeb's Construction

MemoryWeb established that the Board erred by determining the prior art displays the claimed "locations view," including that such a view must be displayed "responsive to a second input within the search-filter view." Blue-Br., 20-24. Samsung failed to rebut that the Board erred.

### A. The Board Did Not Rely on Pogue and Engst Explicitly Disclosing the "Locations View" Limitation

Contrary to Samsung's suggestions, the Board did not find "the prior art explicitly teaches" the "locations view" limitation, nor could it. Blue-Br., 1, 23-24, 27. Instead, the Board relied on Dr. Greenspun speculating iPhoto could behave in a manner resembling the "locations view" limitation in the '823 Patent. Appx75.

Indeed, neither reference explicitly discloses displaying the iPhoto Browser View (alleged "locations view") "responsive to" selecting the Places tab (alleged "second input") under MemoryWeb's claim construction. Blue-Br., 23-24. Instead, Pogue shows the Browser View displaying responsive to "[c]lick[ing] the Browser button," an entirely separate input from the Places tab and found in an entirely separate view. Appx1216. Engst similarly discloses the same inputs necessary to display the Browser view (alleged "locations view"), *i.e.*, the user must first "[c]lick Places" and then subsequently "[c]lick the Browser View button," which is a different input appearing in a separate view. Appx1565; Appx3961 (¶113). Indeed,

Samsung's expert, Dr. Greenspun, testified "I don't think [Pogue] ***is explicit*** regarding whether you'd ***see the map view or the browser view [locations view] first***." Appx3634 (128:12-19) (emphases added).

Instead, Samsung's arguments, and the Board's decision, relied on Dr. Greenspun speculating that iPhoto could be used in a particular manner resembling the "locations view" limitation. Appx74-75 (citing Appx3634, 128:12-131:6; Appx4046 (¶17)). When examined about Pogue merely showing iPhoto defaulting to first displaying a map view (rather than the claimed "locations view") from the Places tab (second input), Dr. Greenspun inferred that a user may change a "user preference" such that iPhoto alternatively displays the "locations view" first. Appx3634 (129:7-11) (Dr. Greenspun testifying Pogue "describes an application that has persistent user preferences, so, you know, once a preference for [the locations view] has been expressed, ***the inference is*** that that would be preserved") (emphasis added). The Board cited to and relied on Dr. Greenspun's speculation:

> Dr. Greenspun testifies that "Pogue mentions that the World View button (i.e., 'globe icon') should be clicked to get to the map view, ***further suggesting that there will be instance[s] in which the system does not default to showing the map view (meaning that the locations view was shown first)***."

Appx74-75 (citing Appx3634 (128:12-131:6) and Appx4046 (¶17)) (emphases added). Dr. Greenspun made a similar inference based on Engst, which the Board also relied on. Appx74-75 (citing Appx4046 (¶17) (Dr. Greenspun inferring "there

will be instances in which the system defaults to showing the locations view”)). Thus, contrary to Samsung’s suggestions, the Board recognized that the prior art did not explicitly disclose the “locations view” limitation.

### B. Samsung Did Not Assert, and the Board Did Not Find, the Individual “Locations View” Limitation Would Have Been Obvious

Because Pogue and Engst do not explicitly disclose displaying the “locations view” limitation under MemoryWeb’s claim construction, Samsung alternatively argues the Board found the “locations view” limitation would have been obvious. Red-Br., 19, 23-27. Samsung, however, did offer, and the Board did not apply, any proposed modification of Pogue or Engst under an obviousness standard.

For starters, Samsung’s representation that an “obviousness theory [was] presented in the Petition” for the “locations view” limitation is pure fiction. Red-Br., 29. Samsung’s entire argument concerning the relationship between Pogue’s “second input” and “locations view” (based exclusively on Pogue and reproduced below) makes no reference to obviousness or any proposed modification; in fact, the argument plainly states that “selection of the ‘Places’ tab [ ]” is the second input that displays the locations view:

> iPhoto describes a second input within the search-filter view. For example, **selection of the “Places” tab in the source pane *<u>is</u>* the second input** that causes the interface to display a locations view.

Appx349 (emphasis added). Dr. Greenspun's repeated Samsung's arguments verbatim:

> 105. iPhoto describes a second input within the search-filter view. For example, **selection of the "Places" tab in the source pane *is* the second input** that causes the interface to display a locations view.

Appx1032 (emphasis added). As shown above, Samsung and Dr. Greenspun simply (and incorrectly) argued Pogue disclosed the "locations view" displays responsive to the "Places" tab (second input) with no mention of obviousness (or Engst). *Id*.

Tellingly, where Samsung relied on obviousness theories for other limitations in its Petition, that reliance was clear, and Samsung identified proposed modifications to Pogue and/or Engst. *See, e.g.*, Appx344-345 (Samsung arguing a "POSITA would have found it obvious to adjust the display areas in iPhoto's Info Box and display the first digital file larger than a thumbnail from iPhoto's person view, e.g., by reducing the amount of interface space devoted to the map in the first detail view, thereby increasing the size of the first digital file"). While these other limitations are not at issue here, Samsung's arguments clearly illustrate when obviousness modifications were argued and not argued.

MemoryWeb responded by explaining Pogue does not expressly disclose displaying the alleged locations view "responsive to" selecting the Places tab. Appx3528–3531 (Patent Owner Response). Upon reviewing MemoryWeb's argument, and recognizing the Petition's deficiencies, Samsung changed course and

introduced a new argument for this limitation based on Engst (which Samsung had not mentioned previously). Appx4024 (Petitioner's Reply). Regardless of whether the Board should have permitted Samsung's belated reliance on Engst, as discussed above, Engst fails to explicitly disclose displaying the alleged locations view "responsive to" selecting the Places tab. *Supra*, § I.A. Moreover, Samsung still did not argue for any modification of Pogue or Engst for this limitation. Appx4024.

### C. The Board's Determination For the "Locations View" Limitation Was Based on Inherency

The Board declined to expressly articulate whether it had applied obviousness, anticipation or inherency. However, the Board's determination was based on Dr. Greenspun speculating iPhoto would operate in a particular manner, rather than an explicit disclosure showing iPhoto operating as claimed. Thus, the Board's determination was "substantively one of inherency." *Supra*, § I.A; Blue-Br., 20-24; *LBT IP I LLC v. Apple Inc.*, No. 2022-1613, 2023 WL 3914920, at *3 (Fed. Cir. June 9, 2023) (non-precedential). The recent *LBT* case is instructive. No. 2022-1613, 2023WL3914920, at *3-4 (Fed. Cir. June 9, 2023) (non-precedential). There, the Court recognized that, "[a]lthough [the petitioner] does not purport to rely on inherency" within in its obviousness ground, "its argument regarding [the prior art]'s disclosure is substantively one of inherency." *Id*. at *3. This Court reviewed a patent directed to GPS tracking with claims requiring "transitioning from stop-position mode into one of the other two positioning modes." *Id*. While the prior art made no

explicit disclosure of the claimed "transition," the petitioner argued within its obviousness ground "a skilled artisan would understand this transition is present" based on the totality of disclosures:

> [While] there is ***no explicit disclosure*** of a transition out of stop-position mode in Sakamoto, [Apple] nevertheless argues ***a skilled artisan would understand this transition is present*** in the cycle set in advance embodiment. In other words, ***Apple argues this transition is inherently disclosed*** in Sakamoto.

*Id*. (emphases added).

Similar to *LBT*, the Board did not determine that Pogue and Engst explicitly show iPhoto's Browser View (alleged "locations view") displaying "responsive to" selecting the Places tab (alleged "second input"). Indeed, Pogue and Engst include no such disclosure. *Supra*, § I.A; Blue-Br., 23-24. Instead, like in *LBT*, the Board relied on the theory that "***a person of ordinary skill in the art would understand***" – based on inferences offered by Dr. Greenspun – "that selecting the 'Places' tab on the source pane **can** directly lead to … the 'Locations view.'" Appx75 (emphasis added). *Supra*, § I.A. Thus, while the Board did not say so, it adopted an inherency theory for this individual limitation within Samsung's overall obviousness ground.

For this reason, applying the inherency doctrine to the "locations view" limitation will not "upend settled obviousness law," as Samsung claims. Red. Br., 27 (citing *LKQ Corp. v. GM Glob. Tech. Operations LLC,* 102 F.4th 1280, 1294 (Fed. Cir. 2024)). This Court can review the Board's analysis for an individual

limitation under the inherency doctrine, even if the Board reviewed what was an "obviousness" ground based on Samsung's arguments for other limitations not at issue in this appeal. Appx344-345 (Samsung asserting a "POSITA would have found it obvious to adjust the display areas" for a separate limitation); *Par Pharm., Inc. v. TWi Pharms., Inc.*, 773 F.3d 1186, 1194-1195 (noting "inherency may supply a missing claim limitation in an obviousness analysis"); *Pers. Web Techs.*, 917 F.3d at 1377, 1382 (reviewing an "inherency finding" for an individual limitation in the context of an obviousness ground); *LBT*, 2023 WL 3914920, at *3 (same).

### D. Samsung Has Not Rebutted That the Board's Inherency Finding Was Unsupported by Substantial Evidence

MemoryWeb's Opening Brief established that the Board's determination cannot stand under the inherency doctrine because Samsung has not shown the "locations view" limitation was "necessarily present" or "the natural result of the combination of elements explicitly disclosed by" Pogue and Engst. *PAR Pharm.,* 773 F.3d at 1195-96; Blue-Br. 22-24. Samsung, relying on *Hewlett-Packard Co. v. Mustek Sys., Inc.*, responds by claiming the prior art discloses "two capabilities": (i) one where the "second input" first displays iPhoto's World View, which is not the claimed "locations view" and (ii) one where the "second input" first displays the claimed "locations view" (iPhoto's Browser View). Red-Br., 26 (citing 340 F.3d 1314, 1326 (Fed. Cir. 2003)).

Samsung's argument, however, overlooks that it failed to demonstrate the second capability (resembling the "locations view" limitation) is "necessarily present" in the references or "the natural result of the combination of elements explicitly disclosed." *PAR Pharm.*, 773 F.3d at 1195–96; *PersonalWeb*, 917 F.3d at 1382 (finding "mere possibilities" the claimed feature is present is insufficient for inherency). As Memory Web has demonstrated, a "plausible" understanding of Pogue and Engst is that iPhoto ***never*** displays the "locations view" (iPhoto's Browser View) "responsive to" the "second input." *PersonalWeb*, 917 F.3d at 1382; Blue Br., 13-16, 22-24. Indeed, Pogue instructs that selecting the Places tab (second input) displays the World View and that users must "[c]lick the Browser button" in the World View to "go to" the "locations view" (iPhoto's Browser View). Appx1214-1216; Appx3962-3963 (¶¶115-118). Similarly, Engst similarly instructs users to select the "Places" tab to see the World View and then to select the Browser button to see the "locations view." Appx1564-1565; Appx3960-3962 (¶¶111-114). Samsung does not dispute that MemoryWeb established that there is at least a plausible interpretation of Pogue and Engst in which the interface never defaults to the Browser View when selecting the Places tab. *See* Blue Br., 13-16, 22-24; Red-Br., 19-23.

Samsung relies on Dr. Greenspun inferring that if the user "previously selected" the locations view, iPhoto would immediately return to the locations view

the next time a user selects the "Places" tab, but the references provide no explicit disclosure that iPhoto "necessarily" operates in this manner. Red-Br., 24-27; *PAR Pharm*., 773 F.3d at 1195-96. It is equally plausible that iPhoto always returns to the World View when selecting the Places tab. Blue-Br., 13-16, 22-24. For this reason, the Board's inherency determination should be reversed as unsupported by substantial evidence.

## II. The Phrase "Responsive To" Should be Construed to Require Direct Causation Between the "Second Input" and "Causing a Locations View to be Displayed"[1]

### A. The Court Can and Should Construe "Responsive To" Despite the Board's Failure to Do So

Samsung does not dispute that if the Board erred in finding that Pogue and Engst disclose the claimed "locations view" under MemoryWeb's claim construction for "responsive to," then the claim construction dispute must be resolved. Blue-Br., 24; Red-Br., 29-30. Nor does Samsung dispute that the Court can construe "responsive to" despite the Board's failure to do so. Blue-Br., 24-25; Red-Br., 31 (agreeing that "no additional factfinding is needed to" construe "responsive to"). Indeed, Samsung urges the Court to adopt its claim construction as an alternative basis for affirmance. Red-Br., 31-38.

[1] Portions of this section overlap with arguments in briefs in related cases *MemoryWeb, LLC v. Samsung Electronics Co., Ltd.*, Nos. 24-1315, -1316 and *MemoryWeb, LLC v. Unified Patents, LLC*, No. 24-1328. *See* Fed. Cir. R. 28(j).

Despite acknowledging the materiality of the claim construction dispute, Samsung wrongly suggests MemoryWeb has somehow changed its position on whether claim construction is necessary. Red-Br., 30. MemoryWeb expressly proposed its construction in its Patent Owner Response and explained that it was "offer[ing] a discussion of the plain meaning of certain terms and phrases below in the event the Board determines that is necessary to resolve Petitioner's patentability challenges." Appx3512-3516; Appx4769-4773; *see also Kirsch Rsch. & Dev., LLC v. GAF Materials LLC*, No. 2022-2063, 2024 WL 1927896, at *4 (Fed. Cir. May 2, 2024) (finding the Board did not err in construing term despite lack of express claim construction proposals where "it was clear . . . that the parties had a dispute over the proper construction").

Rather than "revers[ing] course," as Samsung claims (Red-Br., 30), MemoryWeb was clear during the oral hearing that "the plain and ordinary meaning of responsive to requires a cause-and-effect relationship." Appx5254 (27:8-17). MemoryWeb merely noted that it may not be necessary for the Board to resolve the "direct" versus "indirect" causation dispute "because this claim specifies where the input occurs that causes the resulting view to be displayed." Appx5254 (27:18-19). In particular, the claim "requires that responsive to a second input within the search filter view[,] causing the interface to display a location[s] view," whereas "what's happening in iPhoto is responsive to an input within the map view you cause the

interface to display the locations view." Appx5254 (27:22-25). This is consistent with the well-settled principle that the Board only needs to resolve claim construction disputes if necessary to the outcome. *See Nidec Motor Corp. v. Zhongshan Broad Ocean Motor Co*., 868 F.3d 1013, 1017 (Fed. Cir. 2017). However, based on the current record, claim construction is necessary.

### B. MemoryWeb's Construction Reflects the Plain Meaning of "Responsive To"

Samsung argues that the plain meaning of "responsive to" does not require direct causation but, tellingly, cites no evidence for its assertion. Red-Br., 32. Instead, Samsung attempts to illustrate the meaning of "responsive to" in the context of mailing a letter. *Id*. This analogy is inapposite to the meaning of "responsive to" in the '823 Patent.

As an initial matter, the analogy is not fully formed because there is no identifiable correspondence with the specific claim elements. For instance, the analogy does not identify what would be equivalent to the required input within the search-filter view (as set forth in claims 1 and 29 of the '823 Patent) which displaying the locations view must be "responsive to." The analogy is untethered from the claims and the import of the inventions such that its ability to illuminate claim meaning is limited, if not non-existent. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1321 (Fed. Cir. 2005) (cautioning against focusing "on the abstract meaning of words rather than . . . its meaning to the ordinary artisan after reading the entire

patent”). There is no evidence suggesting this analogy is useful to the meaning of “responsive to” in the context of the ‘823 Patent as understood by a person of skill in the art as neither expert suggested this would be an appropriate analogy.

The plain meaning of “responsive to” is illustrated by the example below where (i) selecting the people tab 1401 is the first event, (ii) selecting “JC Jon Smith” is the second event, and (iii) displaying the person view is the third event:




Appx142–143 (FIGS. 32-33) (annotated)

Blue-Br., 26-27. Dr. Greenspun admitted that in this example, the third event would be “responsive to” the second input rather than the first input. Appx4886-4887 (96:8-99:20).

Attempting to walk back this critical admission, Samsung argues that Dr. Greenspun testified that “the third event ***could*** be described as ‘responsive to’ the

first event." Red-Br., 33 (quoting Appx4887 (99:21-100:10)) (emphasis in original). While Dr. Greenspun did suggest this alternative interpretation, he was clear that saying the third event is "responsive to" the first event would ***not*** "be the usual way to describe" that relationship:

> I think if programmers were sitting around talking about this system, ***they would probably in that case say that the display at the bottom of Figure 32 [the third event] was responsive to the click on the thumbnail at the top of Figure 32 [the second event]***. At the same time, it couldn't have happened without getting into that section of the application [the first event]. So if you wanted to say that that view was responsive to the first event, you wouldn't be wrong. But ***I don't think that would be the usual way to describe*** . . . ***how that single people profile application view appeared***.

Appx4887 (100:1-12) (emphases added). Dr. Greenspun confirmed his answer about the "usual" meaning of "responsive to" was from the perspective of "what a computer programmer would say" and how "a person of ordinary skill in the art would describe these relationships." Appx4887 (100:14-24). This demonstrates that it is Samsung's construction—not MemoryWeb's—that diverges from the plain meaning of "responsive to."

The experts' mutual understanding of "responsive to" is supported by the surrounding claim language. The claims specify causing the interface to display a

locations view "responsive to a second input within the search-filter view." Appx178 (35:39-43), Appx179 (38:19-23); Appx3946 (¶84). In this context, it would be illogical to read the claims to allow for the "locations view" to be displayed "responsive to" some other input that is not "within the search-filter view." But that is precisely what Samsung's construction would allow for. Adopting Samsung's construction effectively reads the requirement that the "second input" be "within the search-filter view" out of the claims.

There is no dispute that "responsive to" cannot mean the same thing as "subsequent to." Blue-Br., 25-26; Red-Br., 32-33. Attempting to identify a difference, Samsung emphasizes that its construction requires that the second event happens "'based on a combination of user interaction and software implementation.'" Red-Br., 33. But that language does not meaningfully limit "responsive to" relative to "subsequent to." The claims themselves expressly contemplate at least "additional user interaction" between displaying each of the claimed views yet define the "responsive to" relationship more narrowly. For example, there are additional user interactions between (i) the claimed "first input" and causing the locations view to be displayed, but the locations view is displayed "responsive to" the second input, not the first input. Appx178 (35:6-9, 35:39-41) (claim 1), Appx179 (37:50-51, 38:19-20) (claim 29).

Turning to the specification, Samsung argues that "nothing in the '823 patent precludes additional user activity" between the second input and causing the locations view to be displayed in the claims. Red-Br., 36. In particular, Samsung points to the "items per page" feature in FIG. 32 and claims that the user must "click additional sections or a button to see the full set of photos." Red-Br., 34-35.




Appx142 (FIG. 32) (cropped)

Samsung's assertion is incorrect in that nothing in the claims or the specification requires a user click those items. While the "items per page" feature may change how many photos are present when the user sees the view shown in FIG. 32, nothing in the specification requires selecting the "items per page" feature after selecting the People tab 1401 to see the view, especially when all of the desired items are found on the initial display. Appx4888 (104:8-16), Appx4889 (108:18-23).

The same is true for the "arrows" in FIG. 6 – there is no requirement that the user interact with them to see the people view. Appx4889 (105:7-12). FIG. 13 is also inapposite because it is an alternative "chart" view. Appx4889 (106:14-18). The fact

that MemoryWeb's construction is entirely consistent with the specification, and Samsung's is not, confirms that MemoryWeb's construction should be adopted. *See Quanergy Sys., Inc. v. Velodyne Lidar USA, Inc.*, 24 F.4th 1406, 1416 (Fed. Cir. 2022) (finding "broader construction" that was "inconsistent with the specification . . . to be unreasonable"); *Carrum Techs., LLC v. Unified Pats., LLC*, No. 2020-2204, 2021 WL 3574209, at *6 (Fed. Cir. Aug. 13, 2021) (rejecting "broad reading of the claim phrase" that was "untethered to the specification").

Further, Samsung does not dispute that MemoryWeb's construction is consistent with the purposes of the inventions, which include "sav[ing] a user significant time, provid[ing] significant information with minimal screen space, and provid[ing] an appealing and customizable interface that will enhance the user experience." Appx161 (2:51-55); Blue-Br., 27 (citing *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1354 (Fed. Cir. 2010)); *see also Micron Tech., Inc. v. N. Star Innovations, Inc.*, 855 F. App'x 679, 684 (Fed. Cir. 2021) (holding that the Board properly rejected claim construction that "fail[ed] to accord with the objectives of the . . . invention").

Samsung also claims that MemoryWeb's expert "admitted that 'causing a first set of digital files to be displayed on the interface' would still be 'responsive to' the input associated with the selection of the fist location, even where additional user actions such as 'panning or scrolling' were required." Red-Br., 34 (quoting

Appx4039-4040 (¶¶7-8)). Dr. Reinman was asked a hypothetical about there being 10,000 photos in FIG. 34 instead of only 1. Appx4179-4180 (48:10-49:5).




Appx144 (FIG. 34) (cropped)

Dr. Reinman explained that in that case, "there would be a first set that would be shown on the page at once" and that to see more photos, "there might be other pages present" or they could be seen "through panning or scrolling within the interface." Appx4179-4180 (48:18-49:19). Importantly, Dr. Reinman confirmed that a "set" of digital photographs would be displayed without any additional user interaction, just as the claims require. *Id.*; Appx178 (35:44-48). And even if "panning or scrolling" were required to see all of the photos in the "set" based on the size of the display, that does not undermine the "responsive to" relationship.

Straining to find support for its construction, Samsung also purports to rely on deposition testimony from Dr. Reinman from a ***different*** IPR proceeding. Red-

Br., 34 (citing Appx4252-4254, Appx4248-4249, Appx4274, Appx4278-4279, Appx4457-4458). MemoryWeb moved to exclude this cited testimony because it is inadmissible hearsay. Appx5049-5053). The Board but mooted the issue by expressly declining to rely on this testimony in its Decision. Appx100. The Court should do the same here. *DSS Tech. Mgmt., Inc. v. Apple Inc.*, 885 F.3d 1367, 1377 n.4 (Fed. Cir. 2018) (stating that the Court cannot "consider evidence that the Board did not cite in its decision").

Finally, Samsung incorrectly argues that MemoryWeb's construction would result in "reading [in] a negative limitation precluding additional user actions." Red-Br., 36. MemoryWeb's construction requires a direct causal connection between (i) the second input and (ii) causing the interface to display a locations view. Blue-Br., 25. This does not impose a negative limitation. *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 2020-1600, 2021 WL 960766 (Fed. Cir. Mar. 15, 2021) (explaining that "claim constructions that exclude a particular element" include "a 'negative limitation'").

## III. Samsung's Improper Alternative Obviousness Theory Does Not Supply a Basis for Remand if MemoryWeb's Construction is Adopted

Samsung argues that if the Court (i) finds that the Board erred in failing to recognize that Samsung was effectively arguing inherency (which it did) and (ii) adopts MemoryWeb's construction (which it should), then "a remand would be required for the Board to assess obviousness under the new construction." Red-Br.,

38. In particular, Samsung suggests that the Board would need to consider whether the "locations view" limitation would have been obvious over Pogue and Engst, but, tellingly, provides no citations to where it supposedly made this argument. *Id*. That is because Samsung never proposed modifying Pogue and Engst to meet the "locations view" limitation under MemoryWeb's construction. *Supra*, § I.B. Samsung therefore forfeited or waived any alternative obvious argument for the claimed locations view under MemoryWeb's construction for "responsive to." *In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020) (holding that arguments not presented to the Board are forfeited).

Samsung also argues "the Board could conclude that a one-click implementation would have been a 'predictable variation' on a two-click implementation to a skilled artisan." Red-Br., 39 (quoting Appx11). This is misleading. Consistent with Samsung's failure to argue that it would have been obvious to modify Pogue and Engst to meet this limitation, nothing in the Decision suggests that a "one-click implementation" would have been obvious. Indeed, the portion of the Decision quoted by Samsung merely relates to level of skill in the art. Appx11. Thus, contrary to Samsung's assertion, the Board could not properly conclude that a "one-click implementation" would have been obvious at least because (1) Samsung never argued this and (2) there is no evidence that such a modification would have been obvious. *In re Magnum Oil Tools Int'l, Ltd.*, 829 F.3d

1364, 1381 (Fed. Cir. 2016) (holding that the Board cannot "adopt arguments on behalf of petitioners that could have been, but were not, raised by the petitioner during an IPR"). The Court should not remand to the Board to consider an obviousness argument Samsung never made.

## IV. Rejecting MemoryWeb's Claim Construction for "Responsive To" is Not Necessarily Dispositive

Samsung claims that "MemoryWeb did not dispute obviousness under Samsung's construction below, instead relying solely on its claim construction to argue that iPhoto '09 . . . fails to disclose the 'responsive to' limitation." Red-Br., 38. This argument is based on two false premises. First, MemoryWeb had no reason to "dispute obviousness" because Samsung never argued that it would have been obvious to modify Pogue or Engst to satisfy the "responsive to" requirement. *Supra*, § I.B. Second, MemoryWeb did not solely rely on its claim construction of "responsive to;" it also pointed out that the input in Pogue and Engst that causes the alleged locations view to be displayed is ***not*** "within the search-filter view" as required by the claims. Appx3529-3531; Appx178 (35:39-41), Appx179 (38:19-20). In other words, in Pogue and Engst, an entirely different input in an entirely different view is what causes the alleged locations view to be displayed. Thus, if "responsive to" is construed to mean something other than what either MemoryWeb or Samsung proposed, then a remand would be necessary to determine whether the "within the search-filter view" requirement is satisfied.

## CONCLUSION AND RELIEF SOUGHT

The Board's final written decision should be reversed or vacated and remanded for further proceedings.

Respectfully submitted,

/s/ Jennifer Hayes
JENNIFER HAYES
NIXON PEABODY LLP
300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
Tel: 213-629-6000
Fax: 213-629-6001

DANIEL SCHWARTZ
MATTHEW WERBER
ANGELO CHRISTOPHER
NIXON PEABODY LLP
70 West Madison Street
Suite 5200-4378
Chicago, IL 60602
Tel: 312-977-4400
Fax: 312-977-4405

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Federal Circuit Rule 32(b)(3), I certify that the brief contained herein has a proportionally spaced 14-point font typeface and contains 4,857 words, based on the "Word Count" feature of Microsoft Word, excluding the cover page, patent claims, Certificate of Interest, Tables of Contents and Authorities, signature block, Addendum, Certificate of Compliance, and Certificate of Service.

Date: October 7, 2024

/s/ Jennifer Hayes

JENNIFER HAYES
**NIXON PEABODY LLP**
300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
Telephone: (213) 629-6000
Facsimile: (213) 629-6001

*Counsel for Appellant*
*MemoryWeb, LLC*

## CERTIFICATE OF SERVICE

I, Jennifer Hayes, hereby certify that, on this 7th day of October 2024, I caused a copy of the foregoing **Reply Brief of Appellant** to be served on counsel of record via the Court's CM/ECF system.

Date: October 7, 2024

/s/ Jennifer Hayes

JENNIFER HAYES
**NIXON PEABODY LLP**
300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
Telephone: (213) 629-6000
Facsimile: (213) 629-6001

*Counsel for Appellant*
*MemoryWeb, LLC*